SUPREME COURT DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOANNA TULCZYNSKA,

                                           No. 17 CV 1669 (DAB)

                          Plaintiff,

      -against-

QUEENS HOSPITAL CENTER, MOUNT SINAI HEALTH
SYSTEM INC., PRUDENTIAL INSURANCE COMPANY
OF AMERICA, ROSELYN MARQUEZ, RICARDO LOPEZ,
JEAN FLEISHCMAN, HABIBUR RAHMAN,

                         Defendants.
-------------------------------------------------------------------------X

## PLAINTIFF JOANNA TULCZYNSKA'S MEMORANDUM OF LAW
## IN SUPPORT OF HER MOTION FOR RECONSIDERATION

Dated: February 28, 2019

ILASZ & ASSOCIATES
COUNSEL FOR PLAINTIFF
JOANNA TULCZYNSKA
1 MAIDEN LANE
NEW YORK, NEW YORK 10038
(212) 480-2222

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................ 1

ARGUMENT ................................................................................................ 2

    Point I
    Plaintiff's Motion To Reconsider Should Be Granted ........................................ 2

    Point II
    The Hospital Defendants' Motion Should Be Denied ......................................... 3

CONCLUSION ............................................................................................. 7

## PRELIMINARY STATEMENT

The Plaintiff, Joanna Tulczynska, brings the present action against Defendants Queens Hospital Center ("QHC"), Mount Sinai Health System Inc. ("Sinai") and the individual Defendant Doctors Ricardo Lopez, Jean Fleischman and Habibur Rahman (collectively, the "Hospital Defendants") for discriminating against her because of her Parkinson's Disease while she was employed as a doctor of pulmonology at Defendants QHC and Sinai.

In her Amended Complaint, the plaintiff brought *inter alia* six disability discrimination claims under the NYSHRL and NYCHRL against the Hospital Defendants based upon failure to provide a reasonable accommodation, disparate treatment, failure to promote, hostile work environment, constructive/wrongful termination and aiding and abetting. The plaintiff alleged that the conduct giving rise to her disability discrimination claims occurred in 2014. In their motion to dismiss the Amended Complaint, the Hospital Defendants submitted unauthenticated documents purporting to show that the alleged discriminatory conduct occurred in 2011.

By decision entered February 14, 2019, the Court considered the documents submitted by the Hospital Defendants, held that plaintiff's disability discrimination claims under the NYSHRL and NYCHRL were time-barred by the three year statute of limitations and dismissed the plaintiff's Amended Complaint

Plaintiff respectfully submits that the Court overlooked her argument that the statute of limitations should be equitably tolled as of the time that she was forced to take disability leave – e.g., when her Parkinson's Disease rendered her incapable of comprehending or pursuing her legal rights in a timely manner. Plaintiff also respectfully submits that the Court overlooked the significant, negative impact that the aggravation and exacerbation of her Parkinson's Disease had on her memory and cognition.

1

Because the Court overlooked the equitable tolling argument and the significant negative impact that Parkinson's Disease has had on the plaintiff's memory and cognition, plaintiff's motion for reconsideration should be granted and, upon reconsideration, the Hospital Defendants' motion to dismiss the Amended Complaint should be denied.

## ARGUMENT

### POINT I

### Plaintiff's Motion To Reconsider Should Be Granted

On a motion for reconsideration brought pursuant to Local Rule 6.3 or FRCP 59, a plaintiff must demonstrate that the court overlooked controlling decisions or factual matters that were put before it on the underlying motion. *Weisner v. 321 West 16th Street Assoc.*, 2000 U.S. Dist. LEXIS 15592, 2000 WL 1585680 (Oct. 25, 2000 S.D.N.Y.). The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Shrader v. CSX Trans. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Although a party seeking reconsideration may advert to controlling decisions or factual matters that were before the court on the underlying motion, the party may neither put forth new facts, issues or arguments that were not presented to the court on that motion, nor revisit issues that the court has already fully considered such that the motion becomes a substitute for appealing from a final judgment. *Weisner*, supra.

Here, the plaintiff respectfully submits that the Court overlooked her equitable tolling argument, as well as, the significant negative impact that Parkinson's Disease has had on her memory and cognition. Indeed, the February 14, 2019 Decision dismissing the plaintiff's

Amended Complaint not only fails to address the issue of tolling, it also fails to acknowledge the effects of Parkinson's Disease on plaintiff's memory and cognition.

For these reasons, the plaintiff respectfully asks this Court to reconsider the Hospital Defendants' motion to dismiss the Amended Complaint.

## POINT II

### The Hospital Defendants' Motion Should Be Denied

In her Amended Complaint, the plaintiff alleged that the conduct giving rise to her disability discrimination claims occurred in 2014.  In their motion to dismiss the Amended Complaint, the Hospital Defendants submitted unauthenticated documents purporting to show that the alleged discriminatory conduct occurred in 2011.  In its Decision, the Court considered the documents submitted by the Hospital Defendants, held that plaintiff's disability discrimination claims under the NYSHRL and NYCHRL were time-barred by the three year statute of limitations and dismissed plaintiff's Amended Complaint.

Plaintiff respectfully submits that the statute of limitations should be equitably tolled as of the time she took disability leave due to Parkinson's Disease since, at that time, she was rendered unable to comprehend or pursue her discrimination claims against the Hospital Defendants.  It must be noted here that, although plaintiff did not commence this action until February 2017, her disability discrimination claims only came to light when her family became aware of and investigated the letter from the IRS stating that she owed back taxes.

A plaintiff is entitled to equitable tolling of a statute of limitations if she establishes two elements: (1) that she has been pursuing her rights diligently and (2) that some extraordinary circumstance stood in her way and prevented timely filing. *See Menominee Indian Tribe of Wisc.*

*v. U.S.*, 136 S.Ct. 750, 755 (2016). *See also Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 801 (2d Cir. 2014).

The second element of this test is met only where the circumstances causing plaintiff's delay "are both extraordinary and beyond [her] control." *Menominee*, 136 S.Ct. at 756. "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) citing *Bolarinwa v. Williams*, 593 F.3d 226, 231-32 (2d Cir. 2010) and *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008). It is not sufficient for plaintiff to show that she experienced extraordinary circumstances – she must further demonstrate that those circumstances caused her to miss the original filing deadline. *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011).

Further, a plaintiff seeking equitable tolling must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of her filing, a demonstration that cannot be made if the plaintiff, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstance. *Valverde v. Stinson*, 244 F.3d 129, 134 (2d Cir. 2000).

The Second Circuit has held that "equitable tolling may be appropriate where the plaintiff's failure to comply with the statute of limitations is attributable to the plaintiff's medical condition." *Brown v. Parkchester S. Condos*, 287 F.3d 58, 60 (2d Cir. 2000). In determining whether to allow tolling based on medical illness, a court must look for a "particularized description of how [plaintiff's] condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). *See also Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir. 1991) (highlighting that the question of whether a person is sufficiently disabled to justify tolling of a limitation period is highly case specific). Particularly,

4

a plaintiff's medical condition must be so severe as to impact the plaintiff's function such that they are rendered unable to comprehend or pursue their legal rights. *Brown,* 287 F.3d at 61.

Here, the plaintiff was diagnosed with Parkinson's Disease.  Despite her disability, the plaintiff fully and competently performed her duties as a doctor of pulmonology.  While fully and competently performing her duties as a doctor of pulmonology, the Hospital Defendants unlawfully discriminated against her because of her Parkinson's Disease by *inter alia* engaging in disparate treatment, creating a hostile work environment, passing her over for her rightful promotion to Chief of Pulmonology, refusing to provide her a reasonable accommodation, etc. The Hospital Defendants' conduct aggravated and exacerbated the plaintiff's Parkinson's Disease, forcing her to take disability leave and rendering her unable to comprehend or pursue her legal rights against them.

Parkinson's Disease is a progressive nervous system disorder.  Symptoms of Parkinson's Disease include tremors, slowed movement, rigid muscles, impaired posture and balance, loss of automatic movements, speech and writing changes.   Parkinson's Disease is also often accompanied by additional problems including *cognitive problems (dementia) and thinking difficulties*, depression and emotional changes, swallowing, chewing and eating problems, sleep problems and disorders. *See* https://www.mayoclinic.org/diseases-conditions/parkinsons-disease/symptoms-causes/syc-20376055.

Assuming the complained of discriminatory conduct occurred in the Summer/Fall of 2011 and that the plaintiff took disability leave in December of 2013, the statute of limitations should be equitably tolled on the basis that plaintiff's Parkinson's Disease severely affected her mental and cognitive capacity - and rendered her unable to comprehend or pursue her disability discrimination claims against the Hospital Defendants, as of the time she went out on disability in

December of 2013  - approximately six (6) months prior to the expiration of the three year statute of limitations.  Because the deterioration of plaintiff's Parkinson's Disease rendered her unable to comprehend or pursue her discrimination claims against the Hospital Defendants during the statute of limitations period, the statute of limitations should be tolled.

Furthermore, it must be stated that the plaintiff never intended to misrepresent the dates of the alleged discriminatory conduct.  Rather, the plaintiff earnestly believed that she went on disability at the end of 2014 and that the discriminatory events occurred in the Summer/Fall of that year.  Insofar as the plaintiff misremembered the timing of these events, same is a direct result of the deterioration of her memory and cognition due to Parkinson's Disease.

In conclusion, it is clear that the plaintiff suffers from Parkinson's Disease, a progressive and debilitating condition that has severely negatively impacted *inter alia* her cognition and memory.  However, at a time when, despite her Parkinson's Disease, the plaintiff was fully and competently performing her duties as a doctor of pulmonology, the Hospital Defendants unlawfully discriminated against her because of her Parkinson's Disease.   The Hospital Defendants' unlawful conduct not only aggravated and exacerbated the plaintiff's Parkinson's Disease, it ultimately caused her to take disability leave and rendered her unable to comprehend or pursue her legal rights against them.

Under these circumstances, the plaintiff respectfully asks this Court to: (a) find that equitable tolling of the statute of limitations is warranted, (b) find that her claims of disability discrimination are not time barred, and (c) deny the Hospital Defendants' motion to dismiss the Amended Complaint.

## **CONCLUSION**

For these foregoing reasons, the plaintiff's motion for reconsideration should be granted and, upon reconsideration, the Hospital Defendants' motion should be denied.

Dated:   New York, New York
February 28, 2019

Respectfully submitted,
ILASZ & ASSOCIATES

By: /s/ Livius Ilasz
Livius Ilasz
1 Maiden Lane, 9th Floor
New York, New York 10038
Tel. (212) 480-2222
Counsel for the Plaintiff
Joanna Tulczynska

7

## **CERTIFICATE OF SERVICE**

I, Livius Ilasz, an attorney, do hereby certify that I have caused a true and correct copy of the

foregoing document to be filed using the CM/ECF system, which will automatically send email

notification of such filing to all attorneys of record on February 28, 2019.

/s/ Livius Ilasz
Livius Ilasz