17-cv-01669 (DAB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOANNA TULCZYNSKA,

                                                                Plaintiff,

-against-

QUEENS HOSPITAL CENTER, MOUNT SINAI HEALTH SYSTEM, INC., PRUDENTIAL INSURANCE COMPANY OF AMERICA, DR. RICARDO LOPEZ M.D., DR. JEAN FLEISHMAN, M.D., DR. HABIBUR RAHMAN, M.D.

                                                                Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Hospital Defendants*
*100 Church Street, Room 2-184*
*New York, New York  10007*

*Of Counsel:  Evan M. Piercey*
*Tel:  (212) 356-2428*
*Matter No.:  2017-006280*

Donald C. Sullivan,
Evan M. Piercey,
Of Counsel.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT

    Plaintiff Fails to Set Forth Any Grounds For This Court to
    Reconsider its Decision............................................................................................ 3

CONCLUSION............................................................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                          **Pages**

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
  684 F.3d 36 (2d Cir. 2012) ............................................................................................... 3, 5

*Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*,
  628 Fed. Appx. 793 (2d Cir. 2015) ....................................................................................... 3

*Lawrence v. Florida*,
  549 U.S. 327, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) ....................................................... 5

*Sequa Corp. v. Gbj Corp.*,
  156 F.3d 136 (2d Cir. 1998) .................................................................................................. 3

*Shrader v. CSX Transp., Inc.*,
  70 F.3d 255 (2d Cir. 1995) .................................................................................................... 3

*Simon v. Smith & Nephew, Inc.*,
  18 F. Supp. 3d 423 (S.D.N.Y. 2014) ............................................................................... 3, 4, 6

*Viti v Guardian Life Ins. Co. of Am.*,
  817 F Supp 2d 214 (S.D.N.Y. August 31, 2011) ................................................................. 5, 6

*Zerilli-Edelglass v. New York City Transit Auth.*,
  333 F.3d 74 (2d Cir. 2003) .................................................................................................... 6

**Statutes**

FRCP 59 ............................................................................................................................... 3, 5

**PRELIMINARY STATEMENT**

Plaintiff Joanna Tulczynska ("Plaintiff"), a former doctor of pulmonology, claims that Queens Hospital Center, Mount Sinai Health System, Inc., Dr. Ricardo Lopez, Dr. Jean Fleishman, and Dr. Habibur Rahman (collectively "Hospital Defendants") breached their fiduciary duties to Plaintiff in violation of ERISA, and discriminated against Plaintiff on the basis of her alleged disability (Parkinson's Disease) in violation of the New York State and City Human Rights Laws ("SHRL" and "CHRL" respectively) under multiple theories: (1) that she was denied a promotion to Chief of Pulmonology, which Dr. Lopez received; (2) that plaintiff failed to receive reasonable accommodation; (3) that she was wrongfully terminated; and, (4) was subjected to a hostile work environment.

On September 7, 2018, Hospital Defendants filed a motion to dismiss the Amended Complaint on the bases that: (1) Hospital Defendants did, in fact, enroll Plaintiff in the plan she wanted, and did not violate ERISA, and (2) Plaintiff's SHRL and CHRL claims were time barred because Plaintiff had not been an active employee since December 2013; and (3) Plaintiff's claims necessarily fail because, by her own admission, she was not able to work since December 2013 and, (4) regardless, the factual allegations failed to state a claim for a hostile work environment. *See* Dkt. Nos. 48-49. Plaintiff, in her opposition to Defendants' motion to dismiss the Amended Complaint argued that Hospital Defendants' documentary evidence should not be considered because it was purportedly "unauthenticated" and that the doctrine of equitable tolling should apply to her untimely SHRL and CHRL claims. *See* Dkt. No. 53. In Hospital Defendants' reply (Dkt. No. 63), we addressed Plaintiff's arguments, notably, arguments with respect to equitable tolling and authenticity.

By Memorandum and Order dated February 12, 2019, the Court dismissed Plaintiff's claims in their entirety. Specifically, and most relevant to the instant motion for reconsideration, the Court thoroughly analyzed and considered the issue of authenticity and timeliness, first determining that a majority of the documents offered by Hospital Defendants were proper to attach to the motion, writing specifically "[t]his court is not required to accept Plaintiff's strategic choice to omit several documents and facts, the effect of which is to create a misleading impression of the factual basis underlying her claim." *See* Dkt. No. 68 at 13. The Court also addressed the timeliness of Plaintiff's claims, ruling that her SHRL and CHRL claims were both untimely in their entirety. *Id.* at 13-14.

Plaintiff now seeks reconsideration of that portion of the Court's February 12, 2019 Memorandum and Order addressed the timeliness of her SHRL and CHRL claims. Specifically, Plaintiff seeks partial reconsideration solely on the basis that this Court purportedly "*overlooked* the equitable tolling argument" previously made by Plaintiff in her Opposition to Hospital Defendants' motion to dismiss. *See* Plaintiff's Motion for Reconsideration ("Pl. MOL"), Dkt. No. 72 at 1 (emphasis added). It should be noted that Plaintiff is only seeking reconsideration with respect to the CHRL and SHRL claims, and does not challenge – or even reference – the Court's decision with respect to her ERISA allegations. While Plaintiff does not appear to be seeking reconsideration of the Court's decision to accept documents annexed to Hospital Defendants' motion to dismiss, she nevertheless continues to contend, in conclusory fashion, that Defendants relied on unauthenticated documents, plaintiff offers no supporting authority for that argument, and continues to ignore the Court's Decision that most of the challenged documents were signed by her or her doctor.

In sum, Plaintiff's motion for reconsideration improperly seeks to rehash the tolling argument that she admittedly made in her Opposition, and, as such, fails as a matter of law to establish any of the required grounds for this Court to reconsider its decision. Accordingly, Plaintiff's motion for reconsideration should be denied in its entirety.

## ARGUMENT

### Plaintiff Fails to Set Forth Any Grounds For This Court to Reconsider its Decision

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court." *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 628 Fed. Appx. 793, 796 (2d Cir. 2015) (summary order) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'…." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. Gbj Corp.*, 156 F.3d 136 (2d Cir. 1998)). Furthermore, a motion for reconsideration is not an opportunity for the moving party to "repeat[] old arguments previously rejected" nor is it an opportunity to make new arguments that previously could have been made. *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014).

Here, Plaintiff fails to raise any controlling decisions or data that the Court overlooked. *See generally* Pl. MOL. Notable, Plaintiff ignores parts of the Court's decision that are inconvenient for her. *See*, *e.g.*, Memorandum and Opinion Dkt. No. 68, at 13 (noting that plaintiff "does not acknowledge the fact that most of the [purportedly unauthenticated] documents [cited by Hospital defendants] are signed by her or her doctor"), 14 (holding that

3

plaintiff "could not have been wrongfully denied a promotion to Chief of Pulmonology in 2014, since the position was already filled" by then), 15 (holding that "[p]laintiff's argument that she was 'forced to retire early' on November 28, 2014 due to alleged hostile conduct at work is refuted by the documentary evidence produced by Hospital Defendants that she elected to take FMLA leave on December 3, 2013, never returned to work due to her worsening condition, and went on long-term disability (and was therefore terminated) on June 4, 2014"). Plaintiff's only supposed response to the Court's well-founded conclusion that documents refute her proffered timeline is to declare that she "never intended to misrepresent the dates" and "earnestly believed" that the events she alleged happened later than the documents showed. *See* Pl. MOL, at 6.

Instead of addressing these weaknesses, Plaintiff effectively admits that she is merely raising the same equitable tolling argument that was considered and rejected by the Court, when Plaintiff originally presented it in her Opposition to Hospital Defendants' motion to dismiss the amended complaint. *Compare* Pl. MOL at 2-6 *with* Plaintiff's Opposition Memorandum of Law, Dkt. No. 53 at 22-27. Indeed, the crux of Plaintiff's argument in her Opposition – and now again on reconsideration – is that equitable tolling should apply because the deterioration of her cognitive ability due to her alleged Parkinson's disease rendered her unable to apprise herself of her legal rights and resulted in a misapprehension of when alleged events occurred. *Compare* Pl. Opp., Dkt. No. 53 at 26 *with* Pl. MOL at 5-6. Notwithstanding the fact that this represents a textbook improper attempt by Plaintiff to "repeat…old arguments previously rejected" (*Simon*, 18 F. Supp. 3d at 425), it nonetheless still fails as a matter of law for the reasons asserted by Hospital Defendants' in their Reply Memorandum of Law in Further Support of their Motion to Dismiss. *See* Dkt. No. 63 at 10-13.

To briefly reiterate, this argument is unavailing because of its mystifying position, namely, that Plaintiff wants this Court to simultaneously believe that she was "fully and competently performing her duties as a *doctor of pulmonology*," but was nonetheless unable to comprehend in any manner that she was suffering alleged discrimination.  *See* Pl. MOL at 6 (emphasis supplied).  This position is untenable.  The Court, appropriately, rejected this argument in the February 12, 2019 Decision. *See* Decision, at 14-15 (holding that plaintiff's SHRL and CHRL claims are time-barred).  Plaintiff offers no reason why the Court should reconsider its decision and simply accept the same argument by plaintiff that was already considered and rejected.  Indeed, as Hospital Defendants' asserted in Reply, this position is made all the more preposterous given that Plaintiff claimed in Opposition that her condition had worsened since 2013, begging the question that how could Plaintiff have possibly apprised herself of her legal rights in 2017, but not 2013, 2014, or earlier?  *See* Defs' Reply MOL, Dkt. No. 63 at 12.  In short, Plaintiff's motion for reconsideration unambiguously represents an improper use of Rule 59 to try to take a "second bite at the apple," and should not be countenanced by this Court.  *Analytical Surveys, Inc*, 684 F.3d at 52.

Finally, while Plaintiff's argument on the merits ought not be considered because it represents an improper attempt to rehash virtually identical arguments made in her Opposition to Defendants' motion to dismiss, it only bears repeating that her arguments fail as a matter of law.  To warrant equitable tolling, a plaintiff must demonstrate "(1) that [s]he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing." *See Viti v Guardian Life Ins. Co. of Am.*, 817 F Supp 2d 214, 227 (S.D.N.Y. August 31, 2011) (citing *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) (quotations omitted). "[E]quitable tolling is only appropriate in rare

5

and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his [or her] rights." *Viti,* 917 F. Supp. 2d at 227 (quoting *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotations omitted).

Not only has Plaintiff failed to set forth any facts or any arguments that were genuinely overlooked by this Court, she nonetheless fails to set forth grounds to apply equitable tolling. Just as she did in Opposition, Plaintiff once again fails to supply any evidence that she was "pursuing her rights diligently" during the applicable limitations period – a step she acknowledges is required. *See* Pl. MOL at 4-6; *see also* Plaintiff's Opposition, Dkt. No. 53 at 25. Moreover, Plaintiff presents zero new facts not previously available to her to satisfy the high standard of demonstrating that she was "so utterly disabled as to be effectively incapable of protecting [her] rights," which is what she would have to show to prevail here. *See Viti*, 817 F. Supp. 2d 214 at 230 ("The court does not doubt that [plaintiff] was and remains mentally ill or unable to work. But that is not the issue where equitable tolling is concerned"). *See generally* Pl. MOL. In short, the same reasons in Defendants' reply memorandum of law that rebutted Plaintiff's first attempt to apply equitable tolling rebut her virtually identical arguments set forth in the instant motion for reconsideration. *Compare* Pl. MOL, *generally* and Plaintiff's Opposition, Dkt. No. 53 *with* Defendants' Reply Memorandum of Law, Dkt. No. 63, at 11-13. Thus, while the Court need not even consider the merits of Plaintiff's arguments, as she has failed to set forth adequate grounds for reconsideration, even if the Court were to do so, she nonetheless fails to establish grounds for equitable tolling.

In sum, Plaintiff's attempt at obtaining reconsideration by "repeat[ing] old arguments previously rejected" is plainly improper and should be rejected. *Simon*, 18 F. Supp. 3d 425.

6

## **CONCLUSION**

For all of the foregoing reasons, the Court should deny Plaintiff's motion for reconsideration should be denied and grant Hospital Defendants any such other and further relief as the Court deems just and proper.

Dated:   New York, New York
    May 2, 2019

                **ZACHARY W. CARTER**
                Corporation Counsel of the
                City of New York
                Attorney for Hospital Defendants
                100 Church Street, Room 2-184
                New York, New York 10007
                (212) 356-2428

By: _____/s/_____
        Evan M. Piercey
        Assistant Corporation Counsel