SUPREME COURT DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOANNA TULCZYNSKA,

                                                          No. 17 CV 1669 (DAB)

                         Plaintiff,

    -against-

QUEENS HOSPITAL CENTER, MOUNT SINAI HEALTH
SYSTEM INC., PRUDENTIAL INSURANCE COMPANY
OF AMERICA, ROSELYN MARQUEZ, RICARDO LOPEZ,
JEAN FLEISHCMAN, HABIBUR RAHMAN,

                       Defendants.
-------------------------------------------------------------------------X

## PLAINTIFF JOANNA TULCZYNSKA'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTION FOR RECONSIDERATION

Dated: May 14, 2019

ILASZ & ASSOCIATES
COUNSEL FOR PLAINTIFF
JOANNA TULCZYNSKA
1 MAIDEN LANE
NEW YORK, NEW YORK 10038
(212) 480-2222

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

CONCLUSION .............................................................................................................................. 3

## PRELIMINARY STATEMENT

Despite the Hospital Defendants' repeated assertions to the contrary, the February 14, 2019 Order - dismissing plaintiff's disability discrimination claims as untimely, did *not* address the plaintiff's equitable tolling argument. Also, contrary to the Hospital Defendants' assertions, plaintiff's request for equitable tolling does *not* defeat her disability discrimination claims under the NYSHRL and NYCHRL.

## ARGUMENT

Plaintiff respectfully asserts that the Court overlooked: (a) the significant, negative impact that the aggravation and exacerbation of her Parkinson's Disease has had on her memory and cognition as of the time she went out on disability in December of 2013; and (b) her argument that the statute of limitations should be equitably tolled as of the time that she was forced to take disability leave in December 2013 - as a result of the progression of said disease/disability.

In the summer of 2011, while the plaintiff was fully and competently performing her duties as a doctor of pulmonology, the Hospital Defendants engaged in the complained of discriminatory conduct. Plaintiff continued to fully and competently perform her duties until December of 2013, when her progressive nervous system disorder/disability (e.g., Parkinson's Disease) rendered her unable to continue to perform her work, as well as, unable to comprehend or pursue her legal rights against the Hospital Defendants in a timely manner.[1]

---

[1] Parkinson's Disease is a progressive nervous system disorder. Symptoms of Parkinson's Disease include tremors, slowed movement, rigid muscles, impaired posture and balance, loss of automatic movements, speech and writing changes. Parkinson's Disease is also often accompanied by additional problems including *cognitive problems (dementia) and thinking difficulties*, depression and emotional changes, swallowing, chewing and eating problems, sleep problems and disorders. *See* https://www.mayoclinic.org/diseases-conditions/parkinsons-disease/symptoms-causes/syc-20376055

1

Significantly, when the plaintiff's Parkinson's Disease progressed to the point that she was forced to take disability leave in December of 2013, the 3-year statute of limitations on her disability discrimination claims against the Hospital Defendants under the NYSHRL and NYCHRL – based upon their Summer 2011 discriminatory conduct, had not yet expired.

Also, when the plaintiff took disability leave in December of 2013 - due to the severe progression of her Parkinson's disease, same constituted an extraordinary circumstance that stood in her way of timely bringing her disability discrimination claims against the Hospital Defendants.

Indeed, the plaintiff's disability discrimination claims against the Hospital Defendants only came to light *after* the IRS letter arrived (in late October 2016) claiming that plaintiff owed back taxes - causing her family to commence an investigation into the plaintiff's *inter alia* disability insurance premiums. This investigation resulted in the discovery that plaintiff had ERISA claims against (former) defendant Prudential and the Hospital Defendants, as well as, disability discrimination claims against the Hospital Defendants. The resultant Complaint was filed in February of 2017.[2]

Because the February 14, 2019 Order - dismissing plaintiff's discrimination claims against the Hospital Defendants as untimely, did not mention the plaintiff's equitable tolling argument or acknowledge the significant negative impact that Parkinson's Disease has had on the plaintiff's memory and cognition since December of 2013, the plaintiff's motion for reconsideration should be granted. *See Shrader v. CSX Trans. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). *See also Weisner v. 321 West 16th Street Assoc.*, 2000 U.S. Dist. LEXIS 15592, 2000 WL 1585680 (Oct. 25, 2000 S.D.N.Y.).

---

[2] Plaintiff has since settled her ERISA claim as against Defendant Prudential.

2

Because the plaintiff's failure to comply with the statute of limitations is directly attributable to her medical condition, equitable tolling is appropriate in this case. *See Brown v. Parkchester S. Condos*, 287 F.3d 58, 60 (2d Cir. 2000); *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000); *Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir. 1991). *See also Menominee Indian Tribe of Wisc. v. U.S.*, 136 S.Ct. 750, 755 (2016); *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 801 (2d Cir. 2014); *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011); *Bolarinwa v. Williams*, 593 F.3d 226, 231-32 (2d Cir. 2010); *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008). As such, upon reconsideration, the Hospital Defendants' motion to dismiss the Amended Complaint should be denied.

## CONCLUSION

For these reasons, as more fully set forth in the plaintiff's Memorandum of Law in support of her motion for reconsideration, the plaintiff's motion for reconsideration should be granted and, upon reconsideration, the Hospital Defendants' motion to dismiss the Amended Complaint should be denied.

Dated: New York, New York
       May 14, 2019

                                        Respectfully submitted,
                                        ILASZ & ASSOCIATES

                                        By: /s/ Livius Ilasz
                                               Livius Ilasz
                                        1 Maiden Lane, 9th Floor
                                        New York, New York 10038
                                        Tel. (212) 480-2222
                                        Counsel for the Plaintiff
                                        Joanna Tulczynska

## CERTIFICATE OF SERVICE

I, Livius Ilasz, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing document to be filed using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record on May 14, 2019.

/s/ Livius Ilasz
Livius Ilasz