```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOANNA TULCZYNSKA,                                          :
                                                            :
                                   Plaintiff,               :
                                                            :           17-CV-1669 (VSB)
              - against -                                   :
                                                            :           **OPINION & ORDER**
                                                            :
QUEENS HOSPITAL CENTER, et al.,                             :
                                                            :
                                   Defendants.              :
                                                            :
------------------------------------------------------------X
```

Appearances:

Michele Ficarra, Of Counsel
Livius M. Ilasz
Ilasz & Associates
New York, NY
*Counsel for Plaintiff*

Elizabeth Haley Robins
Shaina Claire Wood
Evan Michael Piercey
Courtney Patrice Fain
New York City Law Department
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

  Before me is Plaintiff's motion for reconsideration and amendment of the judgment pursuant to Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59. (Doc. 71.) Because Plaintiff has not demonstrated that the Court overlooked controlling law or factual matters that would alter the conclusion reached by the Court on the underlying motion, Plaintiff's motion is DENIED.

## I.     Factual Background and Procedural History[1]

Plaintiff Joanna Tulczynska ("Plaintiff" or "Tulczynska") is a former doctor of pulmonology who was employed by Queens Hospital Center and Mount Sinai Health System, Inc. ("Mount Sinai"), and who suffers from Parkinson's disease. (Am. Compl. ¶¶ 10–11.)[2] Plaintiff commenced this action in the New York State Supreme Court of the County of New York against Queens Hospital Center, Mount Sinai Health System, Inc. ("Mount Sinai"), Ricardo Lopez, Jean Fleischman, Habibur Rahman (together with Queens Hospital Center, Mount Sinai, Lopez, and Flesichman, the "Hospital Defendants"), Roselyn Marquez, and Prudential Insurance ("Prudential"). (*See* Doc. 1.) Defendants removed the action to this Court on March 6, 2017 and it was assigned to Judge Deborah A. Batts. (*See id.*)

Defendants moved to dismiss, and on March 14, 2018, Judge Batts granted the motions in full and also granted Plaintiff leave to replead within 45 days. (Doc. 31.) On April 26, 2018, Plaintiff filed an amended complaint ("Amended Complaint") asserting a claim of breach of fiduciary duty under ERISA, as well as several claims of disability discrimination under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), against Defendants Queens Hospital Center, Mount Sinai Health System Inc., Prudential Insurance Company of America, Ricardo Lopez, Jean Fleischman and Habibur Rahman.[3] (Doc. 34.) The Hospital Defendants filed a motion to dismiss the Amended Complaint. (Doc. 48.) Plaintiff settled with Prudential and her claims against Prudential were dismissed by stipulation so-ordered by Judge Batts on January 29, 2019. (Doc. 67.) Judge Batts

---

[1] This section provides an abbreviated summary of the facts alleged by both parties that are relevant to the instant motion. My summary of these facts is not a finding as to their veracity, and I make no such finding.

[2] "Am. Compl." refers to the Amended Complaint, filed on April 26, 2018. (Doc. 34.)

[3] Marquez was dropped as a defendant by Plaintiff in her Amended Complaint.

granted the motion to dismiss filed by the Hospital Defendants in an Opinion & Order dated February 12, 2019 ("February 2019 Opinion").  (Doc. 68.)  Thereafter judgment was entered by the Clerk of Court on February 14, 2019.  (Doc. 69.)

Tulczynska alleges that in or about August of 2014, she enrolled in what she was told would be after-tax disability insurance policy, pursuant to which she would not owe taxes on any eventual disability benefit payments.  (*Id.* ¶ 36.)  Plaintiff alleges that she retired on November 28, 2014, and subsequently began receiving disability benefits, (*id.* ¶ 54).  In 2016, however, she allegedly received a notice from the Internal Revenue Service stating that she owed $28,525.38 in back taxes on benefits paid in 2015.  (*Id.* ¶¶ 48, 50.)  Plaintiff further alleges that while she was still employed, the Hospital Defendants discriminated against her on the basis of her disability, including by denying her a promotion to be Chief of Pulmonology and promoting Defendant Lopez to that position instead in August of 2014, and perpetuated a hostile work environment against her, including by making fun of and embarrassing her on the basis of her Parkinson's disease.  (*Id.* ¶¶ 17–35.)  This conduct, Plaintiff alleges, ultimately "forced [her] to retire early."  (*Id.* ¶ 35.)

In the February 2019 Opinion, Judge Batts considered various pieces of documentary evidence submitted by the Hospital Defendants because they "flatly contradict[ed] the allegations in the Amended Complaint."  *Tulczynska v. Queens Hosp. Ctr.*, No. 17 CIV. 1669 (DAB), 2019 WL 6330473, at *6 (S.D.N.Y. Feb. 12, 2019).  Judge Batts found that although "[a]s a general matter, extrinsic documents should not be considered on a motion to dismiss . . . if the plaintiff knows about a document, intentionally chooses to disregard it, and avoids mentioning it in the pleading, but relies on the document's information in framing their pleading, a defendant moving to dismiss may still rely on that document in a motion to dismiss."  *Id.*

3

Judge Batts also found it significant that Plaintiff did not dispute the veracity of the documents produced by Defendants, but only contended that they were "unauthenticated." *Id.* at *6–7.

Judge Batts concluded that Plaintiff's ERISA claim failed because a document produced by the Hospital Defendants established that Plaintiff "was, in fact, enrolled in [a] Long-Term Disability Post-Tax option plan" during the relevant time period. *Id.* at *7. Judge Batts also concluded that Plaintiff's state law claims under the NYSHRL and the NYCHRL—whose statutes of limitations are three years—were time-barred. Judge Batts found that the documents made clear that Defendant Lopez had been promoted in the summer of 2011, three years before Plaintiff alleged, and that:

> The documentary evidence produced by Hospital Defendants [showed] that [Plaintiff] elected to take FMLA leave on December 3, 2013, never returned to work due to her worsening condition, and went on long-term disability (and was therefore terminated) on June 4, 2014. See Am. Compl. ¶¶ 35, 70; Robins Decl. Exs. D, E, F. There are no allegations in the Amended Complaint that her employer or fellow employees forced her or pressured her to go on disability leave. Any allegations that Plaintiff was not reasonably accommodated would have accrued at the very latest prior to her taking FMLA leave on December 3, 2013—more than three years before Plaintiff filed her original Complaint in February 7, 2017—and would be time-barred. Likewise, Plaintiff's discrimination claim related to a hostile work environment would have accrued prior to December 3, 2013 and is time-barred. Even if it were not time-barred, both of the incidents that Plaintiff alleges created a hostile work environment occurred after she was already terminated in June or 2013.

*Id.* at *6.

On February 28, 2019, Plaintiff filed a motion for reconsideration of Judge Batts' dismissal of her state law claims as time-barred, (Doc. 70), which was administratively rejected as deficient by the Clerk's Office on March 22, 2019. On April 1, 2019, Plaintiff refiled her motion, (Doc. 71), along with a memorandum of law in support, (Doc. 72). The Hospital Defendants filed their memorandum of law in opposition on May 2, 2019, (Doc. 76), and

4

Plaintiff filed her reply memorandum on May 14, 2019, (Doc. 77.)  This case was reassigned to me on February 26, 2020.

## II.     Legal Standards

Under Rule 59(e) and Local Civil Rule 6.3, "district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice."  *4 Pillar Dynasty LLC v. New York & Co., Inc.*, 933 F.3d 202, 216 (2d Cir. 2019) (internal quotation marks omitted).  The standard for "reconsideration pursuant to Rule 59(e) is strict," *Sullivan v. New York City Dep't of Investigation*, No. 12-CV-2564, 2016 WL 7106148, at *3 (S.D.N.Y. Dec. 6, 2016) (internal quotation marks omitted); it is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390, 395 (S.D.N.Y. 2016) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000)).

"The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Id.* (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  Thus, a request for reconsideration "must point to controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court."  *Id.* (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

"A Rule 59(e) motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).  "Instead, motions for reconsideration are narrowly construed in order to ensure the finality of decisions and to prevent the practice of a

losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Hadassah Acad. Coll. v. Hadassah Women's Zionist Org. of Am., Inc.*, No. 18 Civ. 2446 (AT), 2019 WL 1897668, at *1–2 (S.D.N.Y. Apr. 29, 2019). Ultimately, "[a] district court has broad discretion in determining whether to grant a motion to alter or amend the judgment." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000) (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983) (per curiam)).

### III. Discussion

Plaintiff asks me to reconsider the portion of Judge Batts' February 2019 Opinion that dismissed Plaintiff's NYSHRL and NYCHRL claims as time-barred. (*See* Pl.'s Mem. 1.)[4] Plaintiff argues that the Court overlooked her argument that the statute of limitations should be equitably tolled because her Parkinson's Disease had a "significant, negative impact . . . on her memory and cognition" and rendered her incapable of comprehending or pursuing her legal rights in a timely manner. (*Id.*)

Ordinarily, a Rule 59(e) motion is not occasion for "a second bite at the apple for a party dissatisfied with a court's ruling," *Sullivan*, 2016 WL 7106148, at *3, or "wasteful repetition of arguments already briefed, considered[,] and decided," *NEM Re Receivables*, 187 F. Supp. 3d at 395 (quoting *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)). Here, while Plaintiff did argue in her brief in opposition to the Hospital Defendants' Motion to Dismiss that equitable tolling should apply, (*see* Doc. 53, at 23–27), the February 2019 Opinion did not address the issue. Judge Batts may well have considered and implicitly rejected it, *cf. In re CRM Holdings, Ltd. Sec. Litig.*, No. 10 CIV 00975(RPP), 2013 WL 787970, at *4 (S.D.N.Y. Mar. 4,

---

[4] "Pl.'s Mem." refers to Plaintiff Joanna Tulczynska's Memorandum of Law in Support of Her Motion for Reconsideration, filed on April 1, 2019. (Doc. 72.)

2013) ("All materials and arguments submitted in support of (or in opposition to) a motion are presumed to have been considered by the Court." (citation omitted)), but in the interests of clarity and fairness, I find it appropriate to now explicitly examine the merits of Plaintiff's argument. I ultimately find, however, that Plaintiff's argument fails and explicit consideration of it would not have "alter[ed] the conclusion reached by the court." *NEM Re Receivables*, 187 F. Supp. 3d at 395.

Plaintiff's argument in the instant motion is similar to the argument she made in her opposition to Defendants' motion to dismiss. She contends that a plaintiff is entitled to equitable tolling of a statute of limitations if she can establish (1) that she has been pursuing her rights diligently and (2) that some extraordinary circumstance stood in her way and prevented timely filing. (Pl.'s Mem. 3 (citing *Menominee Indian Tribe of Wisc. v. United States*, 136 S. Ct. 750, 755 (2016).) Further, Plaintiff argues:

> The Second Circuit has held that "equitable tolling may be appropriate where the plaintiff's failure to comply with the statute of limitations is attributable to the plaintiff's medical condition." *Brown v. Parkchester S. Condos*, 287 F.3d 58, 60 (2d. Cir. 2000). In determining whether to allow tolling based on medical illness, a court must look for a "particularized description of how plaintiff's condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). *See also Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir. 1991) (highlighting that the question of whether a person is sufficiently disabled to justify tolling of a limitation period is highly case specific). Particularly, a plaintiff's medical condition must be so severe as to impact the plaintiff's function such that they are rendered unable to comprehend or pursue their legal rights. *Brown*, 287 F.3d at 61.

(*Id.* at 4 –5.)

Plaintiff misstates the applicable law. The cases she cites set forth the law on equitable tolling with respect to federal statutes of limitations on federal causes of action. The claims Judge Batts dismissed, however, were brought under the NYSHRL and the NYCHRL. "[W]hen assessing whether a state law claim has been timely filed, federal courts borrow that state's

7

equitable rules." *Dong Chul Kim v. Harte Hanks, Inc.*, 425 F. Supp. 3d 246, 260 (S.D.N.Y. 2019) (citing *Casey v. Merck & Co., Inc.*, 653 F.3d 95, 100 (2d Cir. 2011)); *see also Singh v. Wells*, 445 F. App'x 373, 377 (2d Cir. 2011) (summary order).[5]

Under § 208 of the New York Civil Practice Law and Rules, a plaintiff may be entitled to equitable tolling if she "is under a disability because of infancy or insanity at the time the cause of action accrues." *Mandarino v. Mandarino*, 408 F. App'x 428, 431 (2d Cir. 2011) (summary order) (quoting N.Y. C.P.L.R. 208). "In New York, the toll for insanity is narrowly interpreted," *Jeanty v. McLane E. Inc.*, No. 17 CV 6366 (VB), 2018 WL 1406625, at *3 (S.D.N.Y. Mar. 20, 2018), and is "available 'only [to] those individuals who are unable to protect their legal rights because of an over-all inability to function in society." *Mandarino*, 408 F. App'x at 431 (quoting *McCarthy v. Volkswagen of Am., Inc.,* 55 N.Y.2d 543, 548 (1982) and citing *Ferreira v. Maimonides Med. Ctr.,* 841 N.Y.S.2d 678 (2d Dep't 2007)); *see also Lynch v. Carlozzi*, 11 N.Y.S.3d 309, 310–11 (3d Dep't 2015). "The person claiming the benefit of the toll must establish that the mental affliction either existed at the time of the accrual of the cause of action, or that it was caused by the event upon which the lawsuit is predicated." *Luciano*, 684 F. Supp. 2d at 420.

---

[5] I note that claims brought under 42 U.S.C. § 1983 are subject to New York's three-year statute of limitations for personal injury actions brought in New York. *Duplan v. City of New York*, 888 F.3d 612, 619 (2d Cir. 2018). NYSHRL and NYCHRL claims are subject to the same time limit. *Allen v. New York City Dep't of Envtl. Prot.*, 51 F. Supp. 3d 504, 511 (S.D.N.Y. 2014); N.Y. C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8–502(d). Thus, the case law on equitable tolling of § 1983 actions brought in New York is as applicable as the case law on equitable tolling of claims brought under state statutes, and I cite to it here. *See, e.g.*, *Luciano v. City of New York*, 684 F. Supp. 2d 417, 420 (S.D.N.Y. 2010) (considering whether § 1983 claim should be equitably tolled pursuant to CPLR § 208). Further, many courts look to "the relevant state law for guidance in determining whether mental incapacity may be a basis for equitable tolling" of federal law claims brought in this state. *Jeanty*, 2018 WL 1406625, at *3 (considering case law surrounding CPLR § 208 to assess whether equitable tolling should apply to plaintiff's 90-day time limit to sue on ADA claim after receiving a right to sue letter from the Equal Employment Opportunity Commission). I find such cases instructive as well, even if not directly on point.

"[T]he disability must be of a 'severe and incapacitating nature,'" *Mitchell v. City of New York*, No. 17-CV-6258 (CM), 2018 WL 10049545, at *2 (S.D.N.Y. Apr. 9, 2018), such that the "plaintiff is unable to manage h[er] business affairs and is incapable of comprehending and protecting h[er] legal rights and liabilities," *Jeanty*, 2018 WL 1406625, at *3 (internal quotation marks omitted).  The standard for demonstrating that the insanity toll applies is "extraordinarily high."  *Viti v. Guardian Life Ins. Co. of Am.*, 817 F. Supp. 2d 214, 227 (S.D.N.Y. 2011); *see also Thomas v. Harris*, No. 10 CIV. 4025 (PAE), 2016 WL 4702443, at *5 (S.D.N.Y. Sept. 6, 2016) (stating that "[s]tate courts have consistently found that a very high level of incapacity must be demonstrated before a plaintiff may successfully invoke Section 208" and collecting cases).  "As the Court of Appeals [has] noted, the legislative history of § 208 indicates that the New York State Legislature intended the toll of the statute to be 'narrowly interpreted,' and the legislature had specifically rejected the substitution of the phrase 'mental illness' for 'insanity.'" *Viti*, 817 F. Supp. 2d at 226 n.5 (quoting *McCarthy,* 450 N.Y.S.2d at 459).  "The test for insanity therefore takes into account not only medical analysis, but also whether the plaintiff has been able to work and function, and whether the plaintiff has attempted to protect the plaintiff's legal rights." *Id.* "Cases in which tolling has been approved have generally involved an unmistakable inability to function in society." *Apionishev v. Columbia Univ.*, No. 09 CIV. 6471 SAS, 2011 WL 1197637, at *7 (S.D.N.Y. Mar. 25, 2011) (citing *Swartz v. Berkshire Life Ins. Co.,* No. 99 Civ. 9462, 2000 WL 1448627, at *5 (S.D.N.Y. Sept. 28, 2000) ("Difficulty in functioning is not sufficient to establish insanity for the purposes of [C.P.L.R. § 208]; rather, the plaintiff must be totally unable to function as a result of a severe and incapacitating disability."); *Ferreira*, 43 A.D.3d 856, 857 (2d Dep't. 2007) (plaintiff was "unresponsive," "in need of breathing and feeding support," and "did not move from his bed unless carried"); *Carrasquillo v. Holliswood Hosp.*, 37 A.D.3d 509,

510 (2d Dept. 2007) (plaintiff suffered from "brain injuries, which ... resulted in her requiring long-term care and the appointment of a guardian ad litem"); *Schulman v. Jacobowitz,* 19 A.D.3d 574, 576 (2d Dep't. 2005) (plaintiff suffered stroke, was hospitalized and in nursing home, "opened his eyes to stimuli but could follow no commands," and could not communicate "his wants, needs, and feelings")).

"The plaintiff 'bears the burden of proof on the question of whether a limitations period should be tolled.'" *Thomas*, 2016 WL 4702443, at *5 (S.D.N.Y. Sept. 6, 2016). This is often a fact-intensive question; where the facts are disputed, it should not be decided without an evidentiary hearing. *Mandarino*, 180 F. App'x at 261. Under the proper circumstances, however, a court may "determine that the insanity toll is unavailable as a matter of law." *Thomas*, 2016 WL 4702443 (citing, *inter alia, McCarthy*, 55 N.Y.2d at 548). Thus, when facing a properly brought motion to dismiss on statute of limitation grounds, a plaintiff must set forth sufficient basis for a court to infer that her "mental condition affects h[er] capacity to function in society generally or prevents plaintiff's pursuit of h[er] legal rights." *Jeanty*, 2018 WL 1406625, at *3 (citing *Webster v. Potter*, 746 F. Supp. 2d 635, 641 (S.D.N.Y. 2010); *see also Eisenbach v. Metro. Transp. Auth.*, 62 N.Y.2d 973, 974 (1984) (affirming grant of motion to dismiss claim as time-barred where plaintiff's claimed incapacity did not rise to the level of insanity within the meaning of CPLR § 208); *cf. Mira v. Kingston*, 218 F. Supp. 3d 229, 237 (S.D.N.Y. 2016), *aff'd,* 715 F. App'x 28 (2d Cir. 2017).

Here, in addition to setting forth the incorrect substantive standard, Plaintiff has failed to allege in any of her submissions specific facts suggesting that that she was unable "to function in society," *Mandarino*, 408 F. App'x at 431, despite having had two opportunities to make this argument. Rather, she simply repeats conclusory statements such as that "Parkinson's Disease

10

severely affected her mental and cognitive capacity" and "rendered her unable to comprehend or pursue her disability discrimination claims against the Hospital Defendants," and asserts in a general manner that Parkinson's Disease is often accompanied by "cognitive problems . . . and thinking difficulties." (Pl.'s. Mem. 5; *see also id.*) Plaintiff fails to provide any detail on *how* her cognitive capacity has been affected, when it became affected, or "how th[o]se issues prevented [her] understanding of the law or otherwise impaired [her] ability to comply with the statute of limitations." *Jeanty*, 2018 WL 1406625, at *3 (plaintiff's bare allegations in his opposition to defendants' motion to dismiss that "his major depressive disorder 'cause[d] difficulty with memory, decision making, and concentration'" were insufficient warrant application of equitable tolling).

  These conclusory statements, without more, are insufficient to survive a motion to dismiss. *See Mitchell*, 2018 WL 10049545, at *2 (plaintiff failed to meet burden on motion to dismiss because "[r]ather than providing any *factual* support for his contention that he was unable to function in society [during the relevant period], he simply states that he 'was unable to protect his legal rights because of an overall acute 'inability to function in society' from 2003—2015'"); *Luciano*, 684 F. Supp. 2d at 420 (rejecting plaintiffs' request for equitable tolling at motion to dismiss stage in part because "plaintiff has not alleged any information regarding an inability to handle daily affairs or protect his legal rights . . . [w]ithout more, the Court does not accept Luciano's conclusory allegation that he was unable to function" (citing *Dumas v. Agency for Child Dev.–N.Y. City Head Start,* 569 F. Supp. 831, 834 (S.D.N.Y.1983) (dismissing complaint and noting that the court "need not assume the correctness of conclusory assertions such as [plaintiff's] statement that 'this affliction left me generally unable to function in society, and I was unable to protect my legal rights in connection with my discharge'"))); *De Los Santos*

*v. Fingerson,* No. 97 Civ. 3972(MBM), 1998 WL 740851, at *4 (S.D.N.Y. Oct. 21, 1998) ("Nor does plaintiffs' conclusory statement that de los Santos 'was unable to protect his rights because of an overall inability to function,' change matters, as it is well established that courts need not assume the correctness of such conclusory allegations."))

Plaintiff's contentions are also internally inconsistent and contradictory: to warrant equitable tolling, her condition must have existed at the time the cause of action accrued, *Luciano,* 684 F. Supp. 2d at 420; in other words, when the discriminatory conduct occurred.[6] At the same time as she claims that she is entitled to equitable tolling, Plaintiff simultaneously asserts that the "Hospital Defendants unlawfully discriminated against her because of her Parkinson's Disease" "*while* [Plaintiff was] fully and competently performing her duties as a doctor of pulmonology." (Pl.'s Mem. 5.) Indeed, she contends she was so functional that she was entitled to a promotion and "wanted to continue working for another *five years*." (Am. Compl. ¶¶ 17–25). Plaintiff's narrative "strains judicial commonsense." *Luciano*, 684 F. Supp. 2d at 422 (rejecting plaintiff's contention that "he was both traumatized by his stay in the hospital and also completely untraumatized and mentally stable during the course of his commitment there"); *see also Apionishev*, 2011 WL 1197637, at *7 (rejecting claim for equitable tolling in opposition to defendants' motion for judgment on the pleadings because plaintiff "was able to seek post-doctorate employment and pursue public assistance during the statutory period, thereby evincing at least a basic ability to maintain his affairs"). Plaintiff also has provided no facts explaining why and when she eventually became able to protect her rights by retaining

---

[6] An employment discrimination claim under the NYSHRL and NYCHRL accrues at the time of the discriminatory conduct. *Milani v. Int'l Bus. Machines Corp.*, 322 F. Supp. 2d 434, 453 (S.D.N.Y. 2004) (claim "accrues on the date that an adverse employment determination is made and communicated to the plaintiff."), *aff' sub nom. Milani v. Int'l Bus. Machines Corp.*, 137 F. App'x 430 (2d Cir. 2005); *Ugactz v. United Parcel Serv., Inc.*, No. 10-CV-1247 MKB, 2013 WL 1232355, at *15 (E.D.N.Y. Mar. 26, 2013) ("Failure to accommodate claims accrue on the date when a request is denied.").

counsel, communicating to counsel in detail the relevant facts as she recalled them, and ultimately filing this lawsuit. *Cf. Mira*, 218 F. Supp. 3d at 237; *Brown v. Greene*, No. 11 CIV. 4917 BMC, 2012 WL 911560, at *3 (E.D.N.Y. Mar. 16, 2012) (a "plaintiff must have suffered from insanity continuously during the period he seeks to toll, and must not have experienced a lucid interval of significant duration during this time"); *Cordero v. Epstein,* 869 N.Y.S.2d 725, 729 (Sup. Ct. N. Y. Cnty. 2008) (plaintiff not insane for purposes of § 208 where she verified several complaints, executed numerous affidavits, and executed several contracts).

Accordingly, I find that Plaintiff is not entitled to equitable tolling as a matter of law and therefore reconsideration of the February 2019 Opinion is not warranted.

## IV.    **Conclusion**

For the foregoing reasons, Plaintiff's motion for reconsideration and to amend the judgment is DENIED.  The Clerk of Court is respectfully directed to terminate the motion at Document 71.

SO ORDERED.

Dated: June 1, 2020
        New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge